OPINION
{¶ 1} Nicola Lewis appeals pro se from the trial court's July 25, 2008 judgment entry granting appellee Ezekiel Eldsonie standard parenting time with the parties' two minor children.
 {¶ 2} Although Lewis' appellate brief lacks a proper assignment of error, she apparently believes the trial court's decision granting Eldsonie standard parenting time is *Page 2 
against the manifest weight of the evidence and constitutes an abuse of discretion. Lewis refers to protective orders against Eldsonie. She cites prior charges against him for resisting arrest and carrying a concealed weapon. Lewis also points out that she completed a required seminar, whereas he did not. Finally, she alleges that the children are afraid to be alone with Eldsonie and that he has threatened to take them and disappear. For his part, Eldsonie has not filed an appellate brief.
 {¶ 3} The record reflects that the parties divorced in May 2006 following a ten-year marriage. The divorce decree gave Lewis custody of two minor daughters. It granted Eldsonie "parenting time and visitation rights and privileges at all times as the parties may agree." On August 15, 2006, Eldsonie moved for adoption of the standard order of parenting time. Although his work schedule at the time of the divorce had been unpredictable, Eldsonie claimed he had obtained a new job with stable 8:00 a.m. to 5:00 p.m. hours. He also asserted that Lewis repeatedly had denied his attempts to visit his children.
 {¶ 4} A magistrate held a hearing on Eldsonie's motion and other matters on January 30, 2007, June 22, 2007, and September 12, 2007.[1]
Following the hearing, the magistrate filed a November 28, 2007 decision and permanent order. Therein, the magistrate made the following findings with regard to parenting time:
 {¶ 5} "Plaintiff is requesting that he be granted the Standard Order of Parenting Time. Presently, the order is as the parties can agree and plaintiff contends that he has *Page 4 
not been able to see the children for five months. Plaintiff asserts that the defendant will not agree to times or will not answer his calls.
 {¶ 6} "* * *
 {¶ 7} "Plaintiff's motion to adopt the Standard Order of Parenting Time is found to be well taken. This magistrate finds plaintiff's testimony to be credible in that he and the defendant are unable to come to an agreement on his parenting time. Defendant indicated some unsubstantiated concerns she has regarding the plaintiff. However, defendant only presented her own unsubstantiated testimony. Therefore, plaintiff is granted parenting time in accordance with the Standard Order of Parenting Time, said parenting time shall be effective with the filing of this Magistrate Decision and Permanent Order."
 {¶ 8} Lewis timely objected to the magistrate's ruling with regard to parenting time and requested leave to supplement her objection after obtaining a hearing transcript. The only specific objection set forth in her filing was that "Plaintiff has not seen the children and refused to participate in supervised parenting time at Erma's House."
 {¶ 9} On February 14, 2008, the trial court filed a decision and final judgment entry overruling Lewis' objection and adopting the findings set forth in the magistrate's ruling. In so doing, the trial court noted Lewis' failure to pay for a transcript within the prescribed time. Without a transcript to review, the trial court held that Lewis could not prevail on her manifest-weight-of-the-evidence argument.
 {¶ 10} Thereafter, Lewis filed an unopposed Civ. R. 60(B) motion, arguing that she had mailed a check for the transcript and that she did not know what happened to it. The *Page 4 
trial court sustained the motion on March 24, 2008, vacated its decision and final judgment entry, and gave Lewis an opportunity to file supplemental objections after obtaining a transcript.
 {¶ 11} A transcript was filed in June 2008. The following month, the trial court filed a new decision and final judgment entry. It first noted that the time for Lewis to supplement her earlier objection had expired. Based on its review of the record, the trial court then made the following finding regarding Lewis' existing objection:
 {¶ 12} "Defendant's sole objection to the magistrate decision relates to the magistrate decision that granted plaintiff parenting time pursuant to the Court's Standard Order of Parenting Time. In her objection, defendant argues that plaintiff `has not seen the children and refuses to participate in supervised parenting time at Erma's House.' The Court has reviewed the transcript of the proceedings and finds that the parties were unable to mutually agree upon parenting time for plaintiff with respect to the minor child[ren]. The Court finds that defendant presented no evidence to support an allegation that parenting time should be exclusively supervised for the plaintiff. Further, the Court finds that the defendant offered no error in findings of fact that would substantiate the necessity of proceeding with supervised parenting time for the plaintiff. The Court finds defendant's objections to the magistrate decision are without merit and are hereby overruled."
 {¶ 13} On appeal, Lewis challenges the trial court's decision to award Eldsonie standard parenting time. The essence of her argument is that the trial court's decision is against the manifest weight of the evidence and constitutes an abuse of discretion. The only specific objection she raised below was that "Plaintiff has not seen the children and *Page 5 
refused to participate in supervised parenting time at Erma's House."[2]
 {¶ 14} Upon review, we find Lewis' argument to be unpersuasive. Resolution of a request for standard parenting time is within a trial court's sound discretion. Murphy v. Murphy, Greene App. No. 2007 CA 43,2007-Ohio-6692, ¶ 19. Moreover, a judgment supported by some competent, credible evidence will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Const. Co. (1978), 54 Ohio St.2d 279.
 {¶ 15} In the present case, the trial court found that Eldsonie had not seen the children because "the parties were unable to mutually agree upon parenting time for plaintiff with respect to the minor child[ren]." In other words, the divorce decree language granting Eldsonie "parenting time and visitation rights and privileges at all times as the parties may agree" had proven unworkable. The record contains testimony from Eldsonie to support this conclusion. He stated that Lewis had rebuffed his attempts at visitation and would not let the children speak to him on the telephone. Therefore, the trial court acted within its discretion by implementing the standard order of parenting time to allow Eldsonie to see his children.
 {¶ 16} The remaining issue is Eldsonie's failure to participate in supervised visits *Page 6 
at a facility known as Erma's House. The record on this issue is limited. As set forth above, the parties divorced in May 2006. Eldsonie filed his motion for a standard order of parenting time in August 2006, arguing that Lewis had prevented him from seeing the children and that his work schedule had become stable. Numerous continuances followed. The magistrate commenced the hearing on Eldsonie's motion and other matters on January 30, 2007. For reasons not set forth in the record, the trial court then filed a February 6, 2007 order for Eldsonie to have supervised parenting time at Erma's House pending completion of the hearing on his motion for standard parenting time.[3] During the second day of the hearing, which took place on June 22, 2007, Eldsonie admitted that he had not participated in visitation at Erma's House. He explained that he perceived the requirement as a "slap in the face" because he "was a good father" and had "never told [Lewis] nothing dangerous."
 {¶ 17} On this record, we cannot say Eldsonie's failure to participate in supervised parenting time at Erma's House pending completion of the hearing rendered the trial court's later adoption of a standard order of parenting time an abuse of discretion or contrary to the weight of the evidence. The record does not disclose why the parties agreed to temporary supervised parenting time. Presumably, Lewis had expressed some concerns about Eldsonie having unsupervised parenting time. But those concerns were addressed during the hearing, and the trial court found inadequate evidence to support *Page 7 
them. In their post-hearing written findings, both the magistrate and the trial court characterized Lewis' concerns about Eldsonie having standard parenting time as "unsubstantiated." Lewis' only testimony about her concerns was as follows:
 {¶ 18} "My concern with [unsupervised parenting time] is for one, he has made the threat of I can take the kids and leave the state. And the reason for my intentions is [B.L.], Jr., and he left the State of Ohio during his trucking where he was born and had them change his first, middle, and last name and Social Security number knowing that he clearly resided here in Dayton. That's one fear.
 {¶ 19} "The second fear is if he called and if I didn't drop it or stop my attorney from finding out about his bank account that he could pretend he was somebody else and wait for somebody to come out and if anything happened in a crossfire and my kids got hurt then it would be all my fault because I would have the power to stop all of this."
 {¶ 20} Upon review, we cannot say the trial court abused its discretion in finding Lewis' concerns too unsubstantiated to justify denying Eldsonie standard parenting time. Although Lewis expressed concern about him leaving with the children, her testimony on this point was less than clear. Even assuming, arguendo, that Eldsonie had threatened to take the children and leave, the magistrate and the trial court acted within their discretion in concluding that this did not disqualify him from receiving standard parenting time. The magistrate who made the initial findings in this case was in the best position to assess and weigh the demeanor of the witnesses, the credibility of their testimony, and the seriousness of any threats. The magistrate found Lewis' testimony not enough to justify denying Eldsonie standard parenting time, and the trial court agreed. We find no abuse of discretion. *Page 8 
 {¶ 21} Lewis' second concern was even less clear. She expressed fear about what might happen if her attorney discovered Eldsonie's bank account. She worried that he "could pretend he was somebody else and wait for somebody to come out," causing a crossfire that might harm the children. Having reviewed the record, we are unsure what Lewis was talking about. Although she was genuinely concerned, her worries about Eldsonie pretending to be someone else and harming the children in a crossfire seem to us, on this record, too speculative and, and as the trial court found, too unsubstantiated to warrant a denial of standard parenting time. At a minimum, the trial court did not abuse its discretion in reaching this conclusion.
 {¶ 22} Because the trial court's adoption of the standard order of parenting time was not an abuse of discretion or contrary to the weight of the evidence, we overrule Lewis' assignment of error and affirm the judgment of the Montgomery County Common Pleas Court, Domestic Relations Division.
DONOVAN, P.J., and FAIN, J., concur.
Copies mailed to:
Wayne P. Stephan, Nicola G. Lewis, Hon. Denise L. Cross.
[1] Although the hearing spanned three days, only a small part of the testimony pertained to Eldsonie's request for a standard order of parenting time. Most of the testimony related to issues involving child support.
[2] In her appellate brief, Lewis refers to protective orders against Eldsonie, cites prior charges against him for resisting arrest and carrying a concealed weapon, points out that she completed a required seminar whereas he did not, and alleges that the children are afraid to be alone with him. Lewis did not raise these issues below in her objection to the magistrate's ruling. Therefore, the trial court had no occasion to consider them. Nor do we. Nolan v. City Wide Dev.Corp., Montgomery App. No. 22675, 2009-Ohio-65, ¶ 15 (recognizing that a party cannot raise new issues on appeal that the trial court had no opportunity to address). In any event, the trial record contains little evidence about the foregoing issues. Although Eldsonie did mention having some criminal record, we recall nothing about his children being afraid of him.
[3] The trial court filed the order for supervised parenting time shortly after the first day of testimony on Eldsonie's motion for a standard order of parenting time. We can only speculate that the trial court filed the order based on concerns expressed by Lewis. In a continuance order filed the same day as the order for supervised parenting time, however, the trial court noted that the order for supervised parenting time at Erma's House was entered by agreement of the parties. *Page 1